UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREEN TREE SERVICING LLC, | ) | 3:15-cv-00197-HDM-WGC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| WILLIAM WON HOLDINGS, LLC, WINGFIELD SPRINGS COMMUNITY ASSOCIATION, et al., | ) | |
| Defendants. | ) | |
| WINGFIELD SPRINGS COMMUNITY ASSOCIATION, | ) | |
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
| ANGIUS & TERRY LLP, ATC ASSESSMENT COLLECTION GROUP, LLP, et al. | ) | |
| Third-Party Defendants. | ) | |

This action concerns real property located at 2400 Dodge Drive, Sparks, Nevada, 89436. In 2006, Rafael Samano Reyes and Marceliano Samano purchased the property with a loan secured by a deed of trust on the property.

1

In May 2008, Samano and Samano Reyes filed bankruptcy. Thereafter, they became delinquent on assessments and fees they owed to the homeowners association, defendant Wingfield Springs Community Association ("Wingfield"). Samano and Samano Reyes were discharged from bankruptcy in February 2011, and the bankruptcy was terminated on August 3, 2011.  After filing and recording various foreclosure notices throughout 2011 and 2012, including during the pendency of Samano and Samano Reyes' bankruptcy, Wingfield foreclosed upon its HOA lien on the property, and the property was sold at a foreclosure sale in 2012.  During the foreclosure process, Wingfield was first represented by Nevada Association Services and later by ATC Assessment Collection Group, LLC ("ATC").

Plaintiff Green Tree Servicing LLC is the current servicer of the subject loan and beneficiary of the subject deed of trust. Plaintiff has filed suit against Wingfield, alleging that it, through its foreclosure agents, failed to comply with statutory notice and mailing requirements and violated the automatic bankruptcy stay.  It alleges that the HOA sale was therefore invalid as well as commercially unreasonable.

In response, Wingfield has filed a third-party complaint against ATC Assessment Collection Group, LLC ("ATC"), its foreclosure agent at the time of the foreclosure sale, asserting claims of express indemnity, equitable indemnity, and contribution. ATC now moves to dismiss the claims of express indemnity and equitable indemnity pursuant to Federal Rule of Civil Procedure 12(b)(6) (#25).  Wingfield has responded (#32), and ATC has replied (#36).

In considering a motion to dismiss under Rule 12(b)(6), the

court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, legal conclusions are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

While plaintiff is required to give only a 'short and plain statement' of their claims in the complaint," *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009), a complaint must also "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents incorporated by reference without converting the motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Incorporation by reference allows the court to consider documents not attached to the complaint if the authenticity of the documents is not questioned and either (1) the plaintiff's claim depends on the contents of the document, or (2) the contents of the document are alleged in the complaint. *Kneivel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court may consider the entirety of a document incorporated by reference and is not limited to considering only those portions mentioned in the complaint. *In re Stac Electronics*

3

*Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

Wingfield bases its express indemnity claim on an indemnification provision in the parties' agreement.[1] That provision states:

> ATC agrees that if any claims or any proceedings are brought against the Client, whether by a governmental agency, private person, or otherwise, in which it is alleged that ATC has violated any law, regulation, order or ruling, ATC shall defend, indemnify and hold Client harmless against any liabilities, loss, damage, or expense, including but not limited to attorney's fees and court costs, to the extent such claims are a result of the assertion that ATC has violated such law, regulation, order or ruling.  Client will be responsible for all costs, including attorney's fees, which are the result of actual or alleged conduct of Client.

ATC, however, argues that Wingfield's express indemnification claim is subject to the agreement's arbitration provision, which provides:

> Any dispute arising out of this Agreement shall first be submitted to mediation as a condition precedent to proceeding with arbitration.  If the dispute cannot be resolved in mediation, any dispute arising out of this Agreement shall be resolved by binding arbitration pursuant to the rules of the American Arbitration Association or Judicial Arbitration and Mediation Services. . . . This mediation and arbitration provision applies only to disputes between Client and ATC and expressly does not provide a right to mediation or arbitration to any third party including, without limitation, a homeowner subject in the delinquent assessment collection process.

ATC asserts that all claims of alleged wrongdoing in the plaintiff's complaint concern actions taken by NAS and not by ATC. As such, ATC argues that the complaint does not allege that ATC "violated any law, regulation, order or ruling" and therefore the

---

[1] The court may consider the agreement under the incorporation by reference doctrine without converting the motion to dismiss to a motion for summary judgment.  Wingfield's claim relies upon the agreement, and the agreement's authenticity is not questioned.

4

indemnification provision of the agreement does not apply. However, because Wingfield believes the indemnification provision does apply and that ATC therefore owes a duty both to defend and to indemnify Wingfield in this case, ATC asserts, there is a dispute over what the agreement requires, and that dispute must be submitted to arbitration.

Whether a dispute must be arbitrated "is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 738 (9th Cir. 2014). The parties have not argued that the arbitrability of their dispute is a question for the arbitrator, nor does the agreement appear to contain any clear and unmistakable provision requiring such. Accordingly, the question of arbitrability is for this court.

The parties agree that until May 4, 2011, collection activities with respect to 2400 Dodge Drive were conducted by NAS, and that ATC took over collection activities beginning on May 5, 2011. On or about April 11, 2011, a Notice of Delinquent Assessment Lien was recorded. On or about July 15, 2011, a Notice of Default and Election to Sell under Homeowners Association Lien was recorded. On June 12, 2012, an Intent to File Notice of Sale was recorded. On August 23, 2012, a Notice of Sale was recorded. On September 26, 2012, the property was sold at auction, and on October 1, 2012, the Trustee's Deed Upon Sale was recorded. Samano and Samano Reyes' bankruptcy, filed on May 17, 2008, was terminated on August 3, 2011.

The plaintiff's first amended complaint alleges that several of the foreclosure notices violated the bankruptcy stay and/or were

5

otherwise deficient. The parties apparently agree that the notices that violated the bankruptcy stay were not filed, recorded, or mailed by ATC.[2] However, in addition to those allegedly invalid notices, the complaint alleges that: (1) "the HOA and its foreclosure agents did not comply with all mailing and notice requirements stated in N.R.S. 116.31162 through N.R.S. 116.31168"; (2) the "HOA assessment lien and foreclosure notices included improper fees and costs in the amount demanded"; (3) the "HOA Sale violated [plaintiff's] rights to due process because it, its agents, loan servicers, and/or predecessors in interest were not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments"; (4) the "HOA Sale did not comply with N.R.S. 116.3102 et seq."; and (5) the sale price at the HOA sale "was not commercially reasonable"; and (6) the HOA sale was not "conducted in good faith." Further, the complaint alleges that because the various notices were deficient or invalid, the resulting foreclosure sale was unlawful, void, and invalid.

The complaint does not separate its allegations with respect to Wingfield's two collection agents. Accordingly, all of the complaint's general allegations of wrongdoing, at this stage of the proceedings, must be construed as claims against both agents. Moreover, the complaint alleges that the foreclosure sale itself was unlawful and invalid, and it is undisputed that ATC conducted the foreclosure sale. Thus, the complaint very clearly alleges

---

[2] Although the Notice of Default and Election to Sell under Homeowners Association Lien was recorded on July 15, 2011 after ATC took over collection activities, Wingfield has not argued that ATC was responsible for the filing or recording of this notice.

6

that ATC, or Wingfield through ATC, violated the law.  The court therefore concludes that as the indemnification provision clearly applies, there is no dispute arising out of the agreement that must be submitted to arbitration, and the motion to dismiss on that basis is accordingly **DENIED**.  The denial will be without prejudice to renew after the close of discovery should discovery support a renewal of the motion.

ATC's motion to dismiss the equitable indemnity claim is likewise denied without prejudice.

In accordance with the foregoing, ATC's motion to dismiss (#25) is hereby **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

DATED: This 18th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE