UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREEN TREE SERVICING LLC, | ) | 3:15-cv-00197-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| WILLIAM WON HOLDINGS, LLC, WINGFIELD SPRINGS COMMUNITY ASSOCIATION, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |
| And related counterclaims. | ) | |
| _____ | ) | |

Before the court is defendant Wingfield Springs Community Association's ("Wingfield") motion to dismiss (#57).[1] Plaintiff Green Tree Servicing LLC ("plaintiff") has opposed (#58). Wingfield has not filed a reply, and the time for doing so has expired.

---

[1] The motion was purportedly also filed by "third-party defendant ATC Assessment Collection Group, LLC." ATC, however, was in this action only because of the third-party complaint, and the third-party complaint was dismissed without prejudice pursuant to the stipulation of the parties on January 11, 2016. (*See* Doc. #46). As the parties recognized at a hearing before Judge Cobb on May 2, 2106, ATC is therefore no longer a party to this action.

1

1      This action concerns real property located at 2400 Dodge
2 Drive, Sparks, Nevada, 89436.  In 2006, Rafael Samano Reyes and
3 Marceliana Samano purchased the property with a loan secured by a
4 deed of trust on the property.  Later that year, the Federal
5 National Mortgage Association ("Fannie Mae") purchased the loan.
6 In May 2008, Samano and Samano Reyes filed bankruptcy.  Thereafter,
7 they became delinquent on assessments and fees they owed to the
8 HOA.  Samano and Samano Reyes were discharged from bankruptcy in
9 February 2011, and the bankruptcy was terminated on August 3, 2011.
10 After filing and recording various foreclosure notices throughout
11 2011 and 2012, including during the pendency of the bankruptcy,
12 Wingfield foreclosed upon its lien on the property, and the
13 property was sold at a foreclosure sale in 2012 to William Won
14 Holdings ("WWH").
15      Plaintiff is the current servicer of the subject loan and
16 beneficiary of the deed of trust.  Plaintiff has filed suit against
17 Wingfield and WWH, alleging four causes of action: (1) quiet title
18 against WWH; (2) declaratory relief seeking a declaration that
19 pursuant to 12 U.S.C. § 4617(j)(3), the foreclosure sale could not
20 extinguish its deed of trust because Fannie Mae owned the loan at
21 the time of foreclosure; (3) violation of the automatic bankruptcy
22 stay; and (4) declaratory relief seeking a declaration that
23 Nevada's HOA foreclosure statute violates the Due Process Clause of
24 the United States Constitution.  Wingfield moves to dismiss "all
25 matters" on the grounds that plaintiff was required, pursuant to
26 Nevada Revised Statutes § 38.310, to submit its claims to mediation
27 before filing suit.
28

2

Section 38.310 provides, in relevant part, that any "civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association" must be dismissed if the action has not first "been submitted to mediation or, if the parties agree, . . . referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive. . . ." "Civil action" is defined as "an action for money damages or equitable relief." Nev. Rev. Stat. § 38.300. It "does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *Id.*

Plaintiff does not dispute that it did not submit any of its claims to mediation prior to initiating this action. It did, however, recently file such a claim. Wingfield argues that because plaintiff did not submit a mediation claim before filing suit, the court lacks subject matter jurisdiction over plaintiff's claims.

Plaintiff's first claim for relief seeks to quiet title. Section 38.310 does not apply to quiet title claims. *McKnight Family, LLP v. Adept Mgm't Servs.*, 310 P.3d 555, 558-59 (Nev. 2013). Accordingly, the motion to dismiss plaintiff's first cause of action is **DENIED**.

Plaintiff's second claim seeks a declaratory judgment that the foreclosure sale could not have extinguished its deed of trust, or alternatively was invalid, because it was done in violation of a federal statute, 12 U.S.C. § 4167(j)(3). Plaintiff's second claim for declaratory relief relates to the title to residential property

3

and is therefore not a civil action subject to the mediation requirements of § 38.310. *See Saticoy Bay, LLC Series 1702 v. Fed. Natl'l Mortg. Ass'n*, 2015 WL 5709484, at *3 (D. Nev. Sept. 29, 2015). Further, a claim that a foreclosure sale was invalid because it violated a federal statute is not subject to § 38.310, as such a claim does not relate to the interpretation, application, or enforcement of the CC&Rs. *See Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, 2015 WL 5723647, at *4-5 (D. Nev. Sept. 28, 2015) (concluding that Fannie Mae's wrongful foreclosure claim was not subject to § 38.310 because it was based on an assertion that the foreclosure sale violated § 4617(j)(3)); *see also Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, 2015 WL 7069298, at *3 n.2 (D. Nev. Nov. 12, 2015) (noting in dicta that bad faith claim under § 116.1113 would be required to be mediated only to the extent that the claim relied on an interpretation of the CC&Rs); *Nationstar Mortg., LLC v. Hometown West II Homeowners Ass'n*, 2015 WL 5092805, at * 2 n.3 (D. Nev. Aug. 26, 2015) (noting that the plaintiff's claims based on "external state and federal limitations on the foreclosure do not require the interpretation, application, or enforcement of the CC&R"). Plaintiff's second claim for relief asserts that the foreclosure was invalid because it was done in violation of a federal statute. Accordingly, the motion to dismiss plaintiff's second claim for relief is **DENIED.**

Plaintiff's third claim for relief alleges that the foreclosure sale was done in violation of an automatic bankruptcy stay under 11 U.S.C. § 362. This claim, like the second claim for relief, asserts that the foreclosure was invalid based on an external federal limitation, and it is therefore not subject to §

4

38.310. Accordingly, the motion to dismiss plaintiff's third claim for relief is **DENIED**.

Plaintiff's fourth claim for relief asserts that Nevada's HOA foreclosure statute violates the United States Constitution. Plaintiff seeks a declaration that because the statute is unconstitutional, the foreclosure sale was invalid and did not extinguish its deed of trust. Like plaintiff's first and second claims for relief, this claim relates to the title of the property, and like the second and third claim for relief, it is based on an external federal limitation to the foreclosure. For both reasons, plaintiff's fourth claim for relief is not subject to § 38.310. The motion to dismiss plaintiff's fourth claim for relief is therefore **DENIED**.

In accordance with the foregoing, Wingfield's motion to dismiss (#57) is **DENIED**.[2]

IT IS SO ORDERED.

DATED: This 9th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not allege claims for bad faith, wrongful foreclosure, or other claims that would be subject to dismissal pursuant to § 38.310. *See McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558-59(Nev. 2013); *Nationstar Mortg., LLC v. The Springs at Spanish Trail Assoc.*, 2016 WL 1298106 (D. Nev. Mar. 31, 2016) (§ 38.310 applied to bad faith claim based on an assertion that the HOA breached its duties under Nev. Rev. Stat. § 116.1113 and the CC&Rs and to wrongful foreclosure claim based on assertions that the HOA gave inadequate notice or opportunity to cure, the sale price was commercially unreasonable, the HOA breached the CC&Rs and the HOA acted in bad faith); *BAC Home Loans Servicing, LP v. Stonefield II Homeowners Assoc.*, 2011 WL 2976814, at *2-3 (D. Nev. 2011) (claim that the HOA improperly required payment of additional assessments in the form of attorney's fee and the costs of collection was required to be submitted to mediation under § 38.310).